NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DEQUAN FARLOW,

               Petitioner,

               v.

UNITED STATES OF AMERICA,

               Respondent.

Civil Action No. 20-10679 (SRC)

**OPINION**

**CHESLER**, District Judge:

Presently before the Court is Petitioner Dequan Farlow's motion to vacate his sentence brought pursuant to 28 U.S.C. § 2255. (ECF No. 1). The Government filed a response to the motion (ECF No. 2), but Petitioner declined to file a reply. For the reasons set forth below, this Court will deny the motion and deny Petitioner a certificate of appealability.

**I. BACKGROUND**

On June 6, 2018, Petitioner pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) pursuant to a plea agreement. (Docket No. 18-44 at ECF Nos. 19-21). As part of his plea agreement, Petitioner stipulated that, following having been convicted of several felonies, he knowingly possessed a firearm on the date in question. (Docket No. 18-44 at ECF No. 20 at 8). These prior felonies included at least four state court felony drug offenses which resulted in two separate five-year prison term sentences in state court. (*See* PSR at ¶¶ 30-34, ECF No. 2 at 4). As a result of this guilty plea, at sentencing, Petitioner received a three-level reduction in his guidelines level based on the acceptance of responsibility evinced by his plea.

(*See* ECF No. 2 at 3).   This Court ultimately sentenced Petitioner to 94 months' imprisonment on October 3, 2018.   (Docket No. 18-44 at ECF No. 26).

## II.   DISCUSSION

### A.   Legal Standard

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his or her sentence.   Section 2255 provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.   Unless the moving party claims a jurisdictional defect or a constitutional violation, to be entitled to relief the moving party must show that an error of law or fact constitutes "a fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure."   *United States v. Horsley*, 599 F.2d 1265, 1268 (3d Cir. 1979) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)), *cert. denied* 444 U.S. 865 (1979); *see also Morelli v. United States*, 285 F. Supp. 2d 454, 458-59 (D.N.J. 2003).

B.  Analysis

1.  **No evidentiary hearing is necessary in this matter**

A district court need not hold an evidentary hearing on a motion to vacate where "the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *United States v. Booth,* 432 F.3d 542, 545 (3d Cir. 2005); *United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992). "Where the record, supplemented by the trial judge's personal knowledge, conclusively negates the factual predicates asserted by the petitioner or indicate[s] that petitioner is not entitled to relief as a matter of law, no hearing is required." *Judge v. United States*, 119 F. Supp. 3d 270, 280 (D.N.J. 2015); *see also Government of Virgin Islands v. Nicholas*, 759 F.2d 1073, 1075 (3d Cir. 1985); *see also United States v. Tuyen Quang Pham*, 587 F. App'x 6, 8 (3d Cir. 2014); *Booth*, 432 F.3d at 546. Because Petitioner's claims are procedurally defaulted and Petitioner has failed to show cause and actual prejudice or actual innocence sufficient to overcome that bar, no evidentiary hearing is necessary to resolve this matter.

2.  **Petitioner's *Rehaif* Claim**

In his sole claim, Petitioner contends that, in light of the Supreme Court's decision in *Rehaif v. United States*, --- U.S. ---, 139 S. Ct. 2191 (2019), his guilty plea has been rendered deficient as he neither admitted to nor acknowledged the Government's ability to prove that he knew that he was a felon at the time he possessed the gun at issue in his conviction. In *Rehaif*, the Supreme Court held that, in order to be found guilty of violating 18 U.S.C. § 922(g), the Government must show that a criminal defendant knew that he fell into one of the categories of

people barred from possessing a firearm under the statute at the time that he knowingly possessed a firearm. 139 S. Ct. at 2194. In so ruling, the Supreme Court overruled longstanding circuit court precedent both in the Third Circuit and in every other circuit court to have considered the question. *See, e.g., United States v. Higdon*, 638 F.3d 233, 239-40 (3d Cir. 2011). Because Petitioner's § 922(g) charge was premised on his having been a convicted felon at the time he possessed a firearm, *see* 18 U.S.C. § 922(g), in this matter *Rehaif* would require that Petitioner admit or the Government have proven that Petitioner knew at the time he possessed a gun that he "had been convicted of a crime punishable by more than one year of imprisonment." *United States v. Sanabria-Robreno*, 819 F. App'x 80, 83 (3d Cir. 2020).

Although the Government acknowledges that Petitioner did not explicitly admit to or acknowledge that the Government could prove that he knew he was a convicted felon at the time he possessed a firearm while pleading guilty in this matter, the Government argues that Petitioner is ultimately not entitled to relief because his *Rehaif* claim is procedurally defaulted and Petitioner has not shown cause and actual prejudice or actual innocence sufficient to overcome this default. Where a § 2255 petitioner's claim could have been, but was not raised on direct appeal, that claim is considered procedurally defaulted. *See, e.g., Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. Frady*, 456 U.S. 152, 167-68 (1982); *see also United States v. DeRewal*, 10 F.3d 100, 105 n. 4 (3d Cir. 1993); *Parkin v. United States*, 565 F. App'x 149, 151-52 (3d Cir. 2014). As Petitioner could have raised such a claim on direct appeal, albeit with little chance of success given circuit precedent in effect prior to *Rehaif*, his claim is defaulted.

Where a habeas petitioner has procedurally defaulted a claim, he cannot be granted relief on that claim unless he can show cause for his default and actual prejudice or that he is actually

4

innocent of the charge in question. *Massaro*, 538 U.S. at 504; *Frady*, 456 U.S. at 167-68; *Parkin*, 565 F. App'x at 151. Turning first to procedural default, it is clear that Petitioner cannot show adequate prejudice to overcome the procedural bar which lays in his path. Even if this Court assumes, *arguendo*, that the binding circuit precedent in effect at the time of Petitioner's conviction is sufficient cause to excuse his failure to raise a *Rehaif*-like claim on direct appeal, Petitioner is still barred from relief unless he can show that he was actually prejudiced – that the alleged *Rehaif* error "worked to his actual and substantial disadvantage infecting his entire [conviction] with error of constitutional dimensions." *Frady*, 456 U.S. at 170. Indeed, claims of even a constitutional dimension raised in a § 2255 motion will be held harmless on collateral review unless the alleged error "had a substantial and injurious effect or influence in determining the jury's verdict." *Fry v. Pliler*, 551 U.S. 112, 116 (2007) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 631 (1993)). Petitioner must therefore show "more than a reasonable possibility that the error was harmful," and give the reviewing court a "grave doubt" as to whether the alleged error substantially and injuriously affected the outcome of Petitioner's case. *Davis v. Ayala*, 576 U.S. 257, 267-68 (2015) (internal citations and quotations omitted). In the plea context, this requires the petitioner to show "that, but for the error, he would not have entered the plea" and would have proceeded to trial. *Sanabria-Robreno*, 819 F. App'x at 83.

In his petition, Petitioner does not argue, let alone show, that he was prejudiced by the alleged *Rehaif* error. Instead, Petitioner argues that *Rehaif* errors in a guilty plea amount to structural error requiring a reversal notwithstanding a lack of prejudice, relying on the Fourth Circuit's decision in *United States v. Gary*, 954 F.3d 194, 203-05 (4th Cir. 2020), *cert. granted*, No. 20-444, --- U.S. ---, 2021 WL 77245 (Jan. 8, 2021). In *Gary*, the Fourth Circuit held that

5

*Rehaif* errors in plea proceedings were structural, largely based on the Fourth Circuit's opinion that the effect of the *Rehaif* knowledge requirement on the petitioner's guilty plea could not be adequately predicted.  *Id.*   Both the Third Circuit, albeit in an unpublished opinion, and every other circuit court to have considered the issue have rejected this conclusion, finding that relief under *Rehaif* raised for the first time after the conclusion of trial is not warranted absent a showing of prejudice, a finding which relevant Supreme Court precedent supports.   *See Sanabria-Robreno*, 819 F. App'x at 83; *United States v. Patrone*, 985 F.3d 81, 85-86 (1st Cir. 2021) (collecting cases); *see also United States v. Dominguez Benitez*, 542 U.S. 74, 81 n. 6 ("[t]he omission of a single Rule 11 warning without more is not colorably structural").

This Court agrees with the Third Circuit's unpublished decision and the decision of these other circuits – in cases such as this one where the petitioner served previous multiple year sentences for prior convictions, the effect of *Rehaif* on Petitioner's decision is readily predictable, and the error in question is therefore not structural.   Because Petitioner certainly knew that he had been convicted of a crime punishable by more than a year as he had served multi-year prison sentences, and as it is in any event clear that the Government could have adequately proven on that basis that Petitioner met the knowledge requirement, there is no reasonable probability that Petitioner would not have pled guilty had he been aware of the *Rehaif* knowledge requirement. As there is no reasonable likelihood that the outcome of the plea process would have been different had Petitioner known about the *Rehaif* requirement, Petitioner has not shown that he was actually prejudiced by the alleged *Rehaif* error.[1]

---

[1] Although the Court need not reach the merits of Petitioner's underlying *Rehaif* claim in light of the fact that Petitioner's claim is procedurally barred for the reasons discussed throughout this opinion, the Court notes that Petitioner is not entitled to habeas relief on the merits of his claim for

6

As Petitioner has failed to show cause and actual prejudice, his *Rehaif* claim is barred unless he can otherwise pierce the procedural default bar by showing that he is actually innocent of the § 922(g) violation of which he was convicted. A petitioner can only make out a claim of actual innocence sufficient to overcome his procedural default by showing "that it is more likely than not that no reasonable juror would have convicted him." *McQuiggan v. Perkins*, 569 U.S. 383, 399 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). This requires he present new, credible evidence of innocence "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401. In light of Petitioner's having served multiple year sentences following his convictions in state court, a fact recorded in the public record of Petitioner's convictions, Petitioner can make no such showing – he clearly and knowingly possessed a firearm based on his stipulations and guilty plea admissions, and it is virtually certain he knew he had been convicted of a crime punishable by more than a year in light of his convictions and the resulting prison sentences he had previously served – and Petitioner has therefore failed to show that he was actually innocent. He therefore cannot overcome the procedural default bar, and his *Rehaif* claim is therefore barred. Petitioner's motion to vacate sentence is denied.

---

the same reason he fails to show actual prejudice – any non-structural error claim raised in a collateral relief motion will be held harmless and provide no basis for relief unless the petitioner shows that he was actually and substantially prejudiced. *Fry*, 551 U.S. at 116. Because there is no reasonable likelihood that Petitioner would not have pled guilty had he known about the *Rehaif* requirement in light of his criminal history and the benefits received via his guilty plea, the alleged *Rehaif* error is harmless and provides no basis for habeas relief.

**III. CERTIFICATE OF APPEALABILITY**

Pursuant to 28 U.S.C. § 2253(c), the petitioner in a § 2255 proceeding may not appeal from the final order in that proceeding unless he makes "a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court dismisses the petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court erred in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred . . . or that the petition should be allowed to proceed further." *Id.* Because jurists of reason could not disagree with this Court's conclusion that Petitioner's *Rehaif* claim is procedurally defaulted and that Petitioner has failed to show cause and prejudice or actual innocence sufficient to overcome that procedural bar, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and no certificate of appealability shall issue.

## IV. CONCLUSION

For the reasons stated above, Petitioner's motion to vacate sentence (ECF No. 1) is **DENIED** and Petitioner is **DENIED** a certificate of appealability.   An appropriate order follows.


       ___s/ Stanley R. Chesler_____
       Hon. Stanley R. Chesler,
       United States District Judge

Dated:   March 5, 2021